IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LARRY L. "BUTCH" BROWN, SR., *et al.*                     PLAINTIFFS

v.                              CIVIL ACTION NO. 5:20-CV-138-KS-MTP

DALE SHIELDS AUBLE, *et al.*                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendants' Motion to Dismiss [2] and **grants in part and denies in part** Defendants' Motion for Preliminary Injunction [12].

## I. BACKGROUND

This is a property dispute. Plaintiffs claim that they are the owner by adverse possession of a property located in Adams County, Mississippi ("the Property"). Plaintiffs alleged that they have been in actual, open, hostile, continuous, and exclusive possession of the Property for more than ten years prior to filing this action. Specifically, Plaintiffs alleged that they have occupied the Property, built roads, maintained trees, used the Property for recreation and commerce, invited guests to the Property, cultivated grasses for wildlife, installed hunting-related fixtures, maintained a pond, and cut grass on the Property. Plaintiffs also claim that Defendants' predecessor-in-interest promised them that they would have the option to purchase the Property at a price of $2,500.00 per acre, and that they relied on the promise by maintaining and improving the Property. Finally, Plaintiffs claim, in the

alternative, that Defendants have been unjustly enriched by their improvements to the Property.

Defendants filed a Motion to Dismiss [2] Plaintiffs' adverse possession claim, and a Motion for Preliminary Injunction [12]. Both motions are ripe.

## II. MOTION TO DISMISS [2]

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendants argue that Plaintiffs' adverse possession claim fails because Plaintiffs alleged that they held an option to purchase the Property, negating their adverse possession claim. Defendants contend that the factual allegation that

Plaintiffs held an option to purchase the property is inconsistent with a theory of adverse possession. In response, Plaintiffs argue, among other things, that they are permitted to plead multiple inconsistent theories of the case.

Rule 8 provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." FED. R. CIV. P. 8(d)(2). "A party may state as many separate claims or defenses as it has, *regardless of consistency*." FED. R. CIV. P. 8(d)(3) (emphasis added).

The goal of Rule 8 is "to afford a flexible procedural basis to permit full presentation of all relevant facts and legal theories at trial and to facilitate the final settlement of the dispute on its merits at that trial." *Am. Bridge Div., U.S. Steel Corp. v. Director, Office of Workers' Compensation Programs*, 679 F.2d 81, 83 (5th Cir. 1982). Accordingly, Plaintiffs may plead contradictory grounds for relief. *See Tenn. Gas Pipeline Co. v. Miss. Cent. R.R. Co.*, 164 F. Supp. 2d 823, 828-29 (N.D. Miss. 2001); *New Horizon Church Int'l v. Philadelphia Ins. Cos.*, 2015 WL 13307021, at *4 (S.D. Miss. Sept. 21, 2015); *Wesley Health Sys., LLC v. Forrest County Bd. of Supervisors*, 2012 WL 4799506, at *2 (S.D. Miss. Oct. 9, 2012). The Court **denies** Defendants' Motion to Dismiss [2].

3

### III. MOTION FOR PRELIMINARY INJUNCTION [12]

Defendants want a preliminary injunction barring Plaintiffs from entering the Property. In response, Plaintiffs argue, among other things, that Defendants have not demonstrated that they will suffer any irreparable injury by Plaintiffs' continued use of the Property. Plaintiffs stipulated that they would refrain from harvesting any timber from the Property, and Defendants agreed in reply that neither side of this dispute should harvest any timber while the case is pending.

To obtain a preliminary injunction, a party must show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012).

A "preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." *Cardoni v. Prosperity Bank*, 2014 U.S. Dist. LEXIS 176596, at *15 (S.D. Tex. Dec. 23, 2014). Defendants must show "a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair

the harm." *Brink's v. Patrick*, 2014 U.S. Dist. LEXIS 87436, at *18 (N.D. Tex. June 27, 2014).

Beyond the possibility that Plaintiffs will harvest timber (which can be remedied with money damages), Defendants have not articulated any actual harm that Plaintiffs have caused or may cause to the Property. In fact, it appears to be undisputed that Plaintiffs have maintained the Property. Defendants live out-of-state, and Plaintiffs have an interest in taking care of the Property since they believe it belongs to them. Therefore, the Court finds that Defendants have not demonstrated that irreparable harm will occur if the Court does not issue a preliminary injunction – save for the issue of harvesting timber, which both parties agree should be barred pending the completion of this litigation.

Therefore, the Court **grants in part and denies in part** Defendants' Motion for Preliminary Injunction [12]. The Court grants the motion insofar as the parties agree that both sides should be barred from harvesting any timber from the Property until this case has completed. The Court denies the motion in all other respects.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendants' Motion to Dismiss [2] and **grants in part and denies in part** Defendants' Motion for Preliminary Injunction [12]. Neither Plaintiffs nor Defendants shall harvest timber from the Property until this case has been completed.

SO ORDERED AND ADJUDGED this 18th day of September, 2020.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE