IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LARRY L. "BUTCH" BROWN, SR.,** *et al.*                                        **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 5:20-CV-138-KS-MTP**

**DALE SHIELDS AUBLE,** *et al.*                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendants' Motion for Summary Judgment [38].

### I. BACKGROUND

This is a real property dispute. Plaintiffs claim that they have occupied certain property located in Adams County, Mississippi and belonging to Defendants for decades prior to filing this action. Specifically, Plaintiffs alleged that they have occupied the property, maintained it, and improved it in reliance on an agreement with Defendants' predecessor-in-interest that they would have the option to purchase it at a price of $2,500.00 per acre. Therefore, Plaintiffs asserted a claim of promissory estoppel. Alternatively, they contend that Defendants have been unjustly enriched by their maintenance of and improvements to the property. Defendants filed a Motion for Summary Judgment [38], which the Court now addresses.

### II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Defendants argue that, assuming there was an oral agreement to sell the property to Plaintiffs, Mississippi's statute of frauds bars this action. The statute of

frauds provides:

> An action shall not be brought whereby to charge a defendant or other party . . . upon any contract for the sale of lands, tenements, or hereditaments . . . unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.

MISS. CODE ANN. § 15-3-1(c).

However, the statute of frauds can not "bar the enforcement of an agreement where promissory estoppel is appropriate . . . ." *Thompson v. First Am. Nat'l Bank*, 19 So. 3d 784, 788 (Miss. Ct. App. 2009); *see also Crowley v. Adams & Edens, P.A.*, 731 F. Supp. 2d 628, 632 (S.D. Miss. 2010); *Sanders v. Dantzler*, 375 So. 2d 774, 776 (Miss. 1979). Similarly, "[w]here an action may not be maintained on an oral contract as being within the statute of frauds, . . . the general rule is that the party breaking the contract will not be permitted to obtain benefits from it to his unjust enrichment." *McKellar's Estate v. Brown*, 404 So. 2d 550, 553 (Miss. 1981). Accordingly, Plaintiffs have asserted claims of promissory estoppel and unjust enrichment.

### A.     *Promissory Estoppel*

The elements of promissory estoppel are: "(1) the making of a promise, even though without consideration, (2) the intention that the promise be relied upon and in fact is relied upon, and (3) a refusal to enforce it would virtually sanction the perpetuation of fraud or would result in other injustice." *Boyanton v. Brothers Produce, Inc.*, 312 So. 3d 363, ¶ 53 (Miss. Ct. App. 2020); *see also Weible v. Univ. of S.*

*Miss.*, 89 So. 3d 51, 67 (Miss. 2011).

Defendants argue that Plaintiffs' promissory estoppel claim fails because there is no evidence that Plaintiffs invested in the property in reliance on the alleged promise by Defendants' predecessors-in-interest. In response to Defendants' motion, Plaintiffs presented evidence that they purchased a tractor and two cutters to use on the Property, and that they have paid for 200 hours of labor on the Property per year since 1994. Exhibit B to Response [44-2], at 2. Plaintiffs also presented evidence that they "have cut and maintained trails and [a] road," maintained a pond, "thinned trees and removed fallen trees," "planted food plots and put up deer stands," and "protected the property from poachers and trespassers." *Id.* at 5.

Shields Brown testified that Plaintiffs spent "thousands of dollars" on a dam to prevent water from leaking onto the Property. Exhibit 2 to Motion for Summary Judgment [39-2], at 8. Butch Brown testified that he has "taken care of beaver situations" on the Property. Exhibit 4 to Motion for Summary Judgment [39-4], at 8. He also testified that he "groomed those trails and made sure that the loggers came in there," spending "hundreds of hours on it." *Id.* He claims to have "maintained everything out there except when there was an emergency or storm or whatever and timber down." *Id.* at 8-9. He paid "timber cutters [to] come in there and cut dead logs and all kinds of issues with trees, mainly, to keep the trails open and beautiful." *Id.* at 9.

Defendants argue that Plaintiffs would have made these expenditures

4

regardless of the alleged promise to sell. In other words, Defendants argue that Plaintiffs did not make these expenditures in reliance on the alleged promise to sell the property. Rather, Defendants aver that Plaintiffs provided these services for their own benefit because they were able to use the property freely for their own enjoyment.

The record evidence does not address whether Plaintiffs would have spent the alleged time and money maintaining and improving the property in the absence of the alleged promise to sell. Moreover, Plaintiffs' own enjoyment of the property does not necessarily rule out their detrimental reliance on the alleged promise. Both could be true. Therefore, the Court concludes that there is a genuine dispute of material fact on the issue of detrimental reliance, precluding summary judgment as to Plaintiffs' promissory estoppel claim.

## B.   *Unjust Enrichment*

"The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts imposing a duty to refund the money or the use value of the property to whom in good conscience it ought to belong." *Dew v. Langford*, 666 So. 2d 739, 745 (Miss. 1995).

For the same reasons provided above in the Court's discussion of Plaintiff's promissory estoppel claim, the Court finds that there is a genuine dispute of material fact as to whether Plaintiffs have provided valuable services to Defendants by

5

maintaining and improving the property, precluding summary judgment on Plaintiffs' unjust enrichment claim.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendants' Motion for Summary Judgment [38].

SO ORDERED AND ADJUDGED this 28th day of April, 2021.

                                /s/     Keith Starrett
                                  KEITH STARRETT
                 UNITED STATES DISTRICT JUDGE